**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | | |
|---|---|---|
| IN RE: EVELYN K HARRIS, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 21-00825-hb |

| | | |
|---|---|---|
| EVELYN K. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| TITLEMAX OF SOUTH CAROLINA, INC., | ) | AP CASE NO. 21-80036-hb |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDRE AND PRELIMINARY INJUNCTION**

Plaintiff's Complaint for turnover and associated Motion for Injunctive Relief misconstrues the nature of Plaintiff's interests in the subject collateral. At no time in the underlying bankruptcy case has the subject collateral itself been property of the estate – merely a right to redeem the collateral. To better illustrate this, a brief review of the facts is necessary.

On March 17, 2020, Evelyn K. Harris and TitleMax of South Carolina, Inc. ("TitleMax") entered a Supervised Loan Agreement, Promissory Note and Security Agreement whereby TitleMax provided a refinanced loan in the amount of $8,964.34 to Ms. Harris in exchange for a security interest in her 2008 Nissan Titan (VIN: 1N6BA07D88N361020) ("the Vehicle") (collectively the "Agreement"). Pursuant to the Agreement, Ms. Harris' primary obligation was to make installment payments as they came due. Ms. Harris failed to make timely payments, however, and upon going into default, upon default and prior to Ms. Harris filing her Chapter 13

petition in this case, TitleMax repossessed the Vehicle on March 21, 2021. At the time of repossession Ms. Harris owed arrears on her account of $13,279.11.

Both the Agreement itself and South Carolina law provided an opportunity to redeem or "buy back" the Vehicle any time before the Vehicle was sold to a third-party. Rather than attempt to redeem the Vehicle, however, Ms. Harris filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code (Case No. 21-00825-hb) three days after repossession on March 24, 2021. With her proposed plan, Ms. Harris attempted to modify the Agreement and cram down TitleMax's debt by demanding to pay only $4,825.00 of the $13,279.11 balance. Therein lies Ms. Harris' misunderstanding of the parties' respective rights in the Vehicle.

While 11 U.S.C. § 1322(b)(2) affords debtors the ability to modify the rights of certain secured creditors in their Chapter 13 plan, debtors "succeed[] to no greater interest in an asset than that held by the debtor at the time the bankruptcy petition was filed." *Dunlap v. Cash Am. Pawn of Nashville* (*In re Dunlap*), 158 B.R. 724, 727 (M.D. Tenn. 1993). In this case, at the time of filing the petition --the moment the estate was created – Ms. Harris held a mere right to redeem the Vehicle. To date, Ms. Harris has made no attempt to redeem. *Black's Law Dictionary*, Definition of "Redeem" ("To buy back. To liberate an estate or article from mortgage or pledge by paying the debt for which it stood as security."). Should the plan be amended to redeem via payment in full, then Ms. Harris will have exercised this right and the Vehicle will be immediately turned over. Indeed, this option has been presented to her and her counsel on multiple occasions and certainly prior to confirmation and the filing of this adversary action.

This Court's July 22, 2021 Order on Confirmation in the underlying bankruptcy case does not change this analysis because no timely proof of claim was filed. Neither Ms. Harris nor the Trustee filed a proof of claim by July 2, 2021, the time prescribed by Fed. R. Bankr. P. 3004. As

a result, TitleMax will not be paid through the plan. *See Fed. R. Bankr. P. 3004* (allowing a debtor or the trustee to file a proof of claim on behalf of a creditor); *Fed. R. Bankr. P. 3021* (after confirmation, the trustee makes distributions to creditors with allowed claims, namely those for which a proof of claim has been filed); *In re Bateman*, 331 F.3d 821, 827 (11th Cir. 2003)("[T]he debtor also has an interest in ensuring that a proof of claim is filed, if the secured creditor neglects to do so, because the debtor is the party seeking the protection of the bankruptcy court and the ultimate benefit of the discharge of his or her liabilities."); *Hon. W. Homer Drake, Hon. Paul W. Bonapfel & Adam M. Goodman,* Chapter 13 Practice and Procedure §11A:13 (2014)("Debtors who want a lien extinguished must, therefore, make sure that the plan provides for it and file a proof of claim on behalf of the creditor if it fails to do so."). This means even had Ms. Harris still owned the Vehicle at the time her plan was confirmed, TitleMax's claim would still not have been extinguished because Ms. Harris' plan failed to provide for the Vehicle. As a result, Ms. Harris is unable to show that she is likely to succeed on the merits of her turnover action.

For the reasons stated in this brief, Defendant respectfully requests that Plaintiff's Motion be DENIED.

Respectfully submitted this 9th day of September, 2021.

/s/ Nathan E. Huff
Nathan E. Huff, ID 12311
Attorney for TitleMax
nhuff@cwhllp.com

Cleary, West & Huff, LLP
1223 George C. Wilson Drive
Augusta, GA 30909
(706) 860-9995

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | | |
|---|---|---|
| IN RE: EVELYN K HARRIS, | ) | CHAPTER 13 |
| | ) | |
| Debtor, | ) | CASE NO. 21-00825-hb |

| | | |
|---|---|---|
| EVELYN K. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | CONTESTED MATTER |
| | ) | |
| vs. | ) | |
| | ) | |
| TITLEMAX OF SOUTH CAROLINA, INC., | ) | AP CASE NO. 21-80036-hb |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following parties in this matter with a copy of the within and foregoing **RESPONSE IN OPPOSITION** by depositing a true and correct copy in the U.S. Mail with sufficient postage affixed thereto and properly addressed or served electronically via the Court's CM/ECF system to the parties listed below:

Evelyn K Harris
488 Carolyn Drive
Spartanburg, SC 29306

Gretchen D. Holland
Ch. 13 Trustee Office
20 Roper Corners Circle, Suite C
Greenville, SC 29615

Dana Elizabeth Wilkinson
Wilkinson Law Firm
365-C East Blackstock Road
Spartanburg, SC 29301

/s/ Nathan E. Huff
Nathan E. Huff, ID 12311
Attorney for TitleMax
nhuff@cwhllp.com

Cleary, West & Huff, LLP
1223 George C. Wilson Drive
Augusta, GA 30909
(706) 860-9995