**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Evelyn K Harris,<br><br>　　　　　　　　　　　　Debtor(s). | C/A No. 21-00825-HB<br><br>Adv. Pro. No. 21-80036-HB<br><br>Chapter 13 |
| Evelyn K Harris,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>v.<br><br>TitleMax of South Carolina, Inc.,<br><br>　　　　　　　　　　　　Defendant(s). | **ORDER GRANTING PRELIMINARY INJUNCTION & REQUIRING IMMEDIATE TURNOVER** |

**THIS MATTER** came before the Court for a hearing on September 10, 2021, to consider the Motion for Temporary Restraining Order and Preliminary Injunction filed by Debtor Evelyn K. Harris[1] and the Response filed by Defendant TitleMax of South Carolina, Inc.[2] Due notice was given of the Motion and hearing. Present at the hearing were Dana E. Wilkinson, counsel for Harris, and Nathan E. Huff, counsel for TitleMax.

### UNDISPUTED FACTS

TitleMax made a prepetition loan to Harris secured by a non-purchase money security interest on Harris' 2008 Nissan Titan, titled in her name. Due to a default in payments, TitleMax repossessed the vehicle from her residence on March 21, 2021. Harris filed a petition for Chapter 13 relief on March 24, 2021. TitleMax has retained possession of the vehicle and on June 25, 2021, Harris filed the above-captioned adversary proceeding seeking, in part, its return pursuant to 11 U.S.C. § 542. Despite demand and this adversary proceeding, TitleMax refused to return the

---

[1] ECF No. 9, filed Sept. 2, 2021.
[2] ECF No. 12, filed Sept. 9, 2021.

vehicle and Harris filed this Motion.  Harris' confirmed plan provides for payment to TitleMax equal to the value of the vehicle with interest and retention of its lien.  Harris testified at a prior hearing involving TitleMax about her use of and immediate need for the vehicle to travel for work and sustain herself and to successfully perform in this case.

TitleMax did not dispute those facts or the value assigned to the vehicle.  There is also no dispute that the vehicle is adequately insured. TitleMax's counsel did not request any additional adequate protection of his client's interest or express any harm should the vehicle be returned pending resolution of the remaining issues in this adversary proceeding.  Counsel did not know where the vehicle is currently located and apparently had not inquired prior to the hearing for immediate turnover but assured the Court that it is in TitleMax's possession or under its control and it has not been sold.

### DISCUSSION AND CONCLUSIONS

A preliminary injunction is an extraordinary remedy; the primary function is to protect the status quo and to prevent irreparable harm during the pendency of a case. *In re Microsoft Corp. Antitrust Litig.,* 333 F.3d 517, 525 (4th Cir. 2003).  Courts evaluating a request for a preliminary injunction "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding such request." *Amoco Prod. Co. v. Vill. Of Gambell, Alaska*, 480 U.S. 531, 542 (1987).  A party seeking a preliminary injunction must establish the following elements: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

I. **HARRIS IS LIKELY TO SUCCEED ON THE MERITS OF THE TURNOVER ACTION**

"A plaintiff need not establish a 'certainty of success,' but must make a clear showing that he is likely to succeed at trial." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (citing *Winter*, 555 U.S. at 20). To establish a claim for turnover, the plaintiff must demonstrate that: (1) during the case, (2) an entity other than a custodian, (3) was in possession, custody, or control of property that the trustee may use, sell, or lease under § 363 or that the debtor may exempt under § 522, and (4) that such property is not of inconsequential value or benefit to the estate. 11 U.S.C. § 542(a). Under § 541, filing a bankruptcy case creates an estate, which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a) (2005). "The bankruptcy estate is comprised of a broad range of both tangible and intangible property interests." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 342 (4th Cir. 2013). It extends to property wherever located and by whomever held, and includes the debtor's legal, equitable and possessory interests. 11 U.S.C. § 541(a). A Chapter 13 debtor is entitled to the same rights as the trustee to use property of the estate pursuant to § 363(b). 11 U.S.C. § 1303.

TitleMax is not merely a custodian and is in possession of the vehicle. Harris previously testified regarding her need for and use of the vehicle, which TitleMax did not dispute. The Court confirmed a plan that provides for payment equal to the vehicle's value plus interest, indicating the vehicle is useful and not of inconsequential value. Harris holds title to the vehicle, and it is insured. Her right of redemption became property of the estate upon filing her Chapter 13 case and, thus, the vehicle is property of the estate. *See In re Nelson*, 521 B.R. 733, 738 (Bankr. D.S.C. 2014) (noting this District has consistently found South Carolina's statutory right of redemption is property of the estate, thereby allowing repossessed collateral to be subject to turnover); *In re Brittain*, 435 B.R. 318, 325 (Bankr. D.S.C. 2010) (noting that a debtor, as a guarantor, may assert

a right of redemption as property of the estate and seek turnover to obtain personal possession of the collateral repossessed prepetition); *In re Leverette*, 118 B.R. 407, 409 (Bankr. D.S.C. 1990) ("The debtor has the right of redemption if the automobile has not been sold by the creditor at the time of the filing of the petition for relief. Such an interest in property is sufficient to bring the property within the meaning of 'property of the estate.'" (citing *In re Wallace,* 102 B.R. 114 (Bankr. S.D. Ohio 1989))); *In re Mathews*, 118 B.R. 398 (Bankr. D.S.C. 1989) (holding a vehicle repossessed prepetition was property of the estate); *In re Jennings*, C/A No. 01-80044-W, 2001 WL 1806980, at *6 (Bankr. D.S.C. Sept. 17, 2001) (finding a debtor is entitled to immediate turnover of collateral lawfully repossessed prepetition in which the debtor has an interest upon a written demand for turnover and proof of insurance coverage); *In re Davis,* C/A No. 99-80089-W, 1999 WL 33486073 (Bankr. D.S.C. Apr. 16, 1999) (requiring turnover of a leased vehicle repossessed prepetition); *In re Green*, C/A No. 94-73849, 1995 WL 1930989, at *1 (Bankr. D.S.C. Jan. 27, 1995) (ordering turnover of a vehicle lawfully repossessed prepetition subject to the creditor's right to be adequately protected); *see also Tidewater Fin. Co. v. Moffett (In re Moffett)*, 356 F.3d 518 (4th Cir. 2004) (finding, in part, the creditor's prepetition repossession of a vehicle did not terminate the debtor's equitable interest in the car).[3]

## II. HARRIS IS LIKELY TO SUFFER IRREPARABLE HARM WITHOUT AN INJUNCTION

"Irreparable harm is harm that cannot be prevented or fully rectified by final judgment after trial." *In re Infinity Bus. Grp., Inc.*, C/A No. 10-06335-JW, 2012 WL 5420410, at *2 (Bankr. D.S.C. June 1, 2012) (citing *See Roland Mach. Co. v. Dresser Indus., Inc.,* 749 F.2d 380, 386 (7th

---

[3] The case cited by TitleMax, *In re Dunlap*, 158 B.R. 724 (M.D. Tenn. 1993), is distinguishable because the debtor's right to redemption in the property expired and under Tennessee law regarding pawned property, all rights of the debtor are extinguished once the statutory redemption requirements have not been met and the period has passed; therefore, the debtor lost any legal or equitable interest in the pawned property and it could not be considered property of the estate.

4

Cir. 1984)). "[A] plaintiff must demonstrate more than just a 'possibility' of irreparable harm." *Di Biase*, 872 F.3d at 230. Harris is obligated to pay TitleMax under the confirmed plan yet is deprived of adequate transportation. This negatively and immediately impacts Harris' chances of success in her bankruptcy case. Harris will suffer irreparable harm without an injunction enjoining TitleMax from retaining the vehicle.

### III.    THE BALANCE OF EQUITIES TIPS IN FAVOR OF HARRIS

Courts considering preliminary injunctions must balance the immediate and irreparable harm to the plaintiff against any harm to the defendant. Harris' harm is evident as she still does not have adequate transportation even though her plan provides payment to TitleMax for its interest the vehicle secures. In contrast, TitleMax is adequately protected by the plan payments equal to the value of the vehicle plus interest, retention of its lien, and the insurance coverage purchased by Harris. TitleMax's counsel did not argue that return of the vehicle poses any hardship and did not know the vehicle's location or the costs to return it. The record indicates no immediate or irreparable harm to TitleMax from the return of the vehicle to Harris. Therefore, the balance of the equities tip in favor of Harris.

### IV.    A PRELIMINARY INJUNCTION WOULD SERVE THE PUBLIC INTEREST

"The provisions of the Bankruptcy Code . . . are designed to protect the public interest." *In re Chicora Life Ctr., LC*, 553 B.R. 61, 67 (Bankr. D.S.C. 2016) (citing *Fisher v. Apostolou,* 155 F.3d 876, 882 (7th Cir. 1998) ("[B]oth the terms and underlying purpose of the federal bankruptcy code are geared, at least in part, to protect the public interest . . .")). The public also "has an interest in the equitable administration of the Bankruptcy Code." *Id.* (citing *Cont'l Secs. Corp. v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 220 (W.D. Va. 1995) (noting "the public interest in administrating the Bankruptcy Code")). Enjoining TitleMax's retention of the vehicle serves

the public interest because it aligns with specific provisions of the Bankruptcy Code that require the turnover of property of the estate.

Finding all four elements necessary for a preliminary injunction are established,

**IT IS, THEREFORE, ORDERED** that Harris' Motion for a Preliminary Injunction is granted and Defendant TitleMax of South Carolina, Inc. is preliminarily enjoined from retaining possession of Harris' 2008 Nissan Titan.

**IT IS FURTHER ORDERED** that Defendant TitleMax of South Carolina, Inc. shall turnover to Harris possession, custody, and control of the 2008 Nissan Titan, in a condition substantially the same as when it was repossessed, by delivering the vehicle to her residence at 488 Carolyn Drive, Spartanburg, South Carolina 29306 on or before **6:00 p.m. on Tuesday, September 14, 2021**.  TitleMax must do so peacefully and in cooperation with Harris and her counsel, and file a report of compliance on or before **Wednesday, September 15, 2021 at 12:00 p.m.**  A separate judgment will be entered herewith.

**IT IS FURTHER ORDERED** that all other causes of action remain for determination and the parties shall comply with the Order entered on July 30, 2021,[4] and file of an adversary proceeding report within **ten (10) days** from entry of this Order.

    **AND IT IS SO ORDERED.**
**FILED BY THE COURT**
**09/13/2021**



Entered: 09/13/2021

Chief US Bankruptcy Judge
District of South Carolina

---

[4] ECF No. 5.