**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Evelyn K Harris,<br><br>　　　　　　　　　　　Debtor(s).<br><br>Evelyn K Harris,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>v.<br><br>TitleMax,<br><br>　　　　　　　　　　　Defendant(s). | C/A No. 21-00825-HB<br><br>Adv. Pro. No. 21-80036-HB<br><br>Chapter 13<br><br>**ORDER RE:**<br><br>1. **FIXING DATES TO FILE MOTIONS AND DISCOVERY**<br><br>2. **PREPARATION AND FILING OF JOINT PRETRIAL ORDER** |

**TO: PLAINTIFF(S) AND DEFENDANT(S) ABOVE-NAMED:**

The above captioned adversary proceeding was filed with this Court on June 25, 2021. The issues having been joined, the Court enters this scheduling order to expedite the disposition of this proceeding.

In accordance with Fed. R. Civ. P. 16(b) (made applicable herein by Fed. R. Bankr. P. 7016), the following schedule is established:

　　　　1. Motions to join other parties and to amend the pleadings shall be filed and served on or before **November 23, 2021**. Upon the amendment of any pleading that joins a new party or adds a claim, the amending party shall forthwith provide a copy of any pending scheduling order to the new party or its attorney;

　　　　2. All discovery shall be concluded on or before **November 23, 2021**. Parties should timely comply with all discovery requests except those to which a timely and specific objection is made. Discovery shall be served upon counsel or parties, but shall not be filed with the Court except as ordered by the Court. The party responsible for service of the discovery material shall retain the original and be the custodian thereof. Motions compelling or objecting to discovery requests must be filed in accordance with SC LBR 7026-1. Counsel are encouraged to participate in pre-trial discovery conferences in order to decrease in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel have explored with opposing counsel the possibility of resolving the discovery matters in controversy (*See* SC LBR 7026-1(b));

　　　　3. Motions, other than those set forth in paragraph 1 above and including motions for summary judgment, shall be filed and served on or before **December 21, 2021**.[1] If motions are filed, they shall be heard at the pretrial conference unless otherwise scheduled by the Court. Any objections or other responses to such a motion shall be filed and served on or before **January 4, 2022**. The filing of a motion pursuant to this paragraph shall suspend the requirement of the submission of a Joint Pretrial Order as set forth in paragraph 4 below. In that event, the Joint Pretrial Order shall be required on a date set at the pretrial conference. If a date is not set, the Joint Pretrial Order shall be submitted no later than five (5) business days before the trial.

---

[1] Motions for summary judgment are governed by Fed. R. Civ. P. 56.

    4. If no motions are filed, the parties are hereby Ordered to prepare and file no later than **4:00 PM on <u>January 18, 2022</u>**, a JOINT PRETRIAL ORDER, approved by counsel in writing, which sets forth:

    a.    The facts which are admitted and require no proof;

    b.    The facts which remain to be litigated (evidence at trial will be limited to these issues);

    c.    A list of exhibits to be introduced at the hearing, in the sequence proposed to be introduced, with a description of each sufficient for identification, together with a statement of any objections thereto (with specific grounds stated), and a statement confirming the fact that the parties have exchanged copies of said exhibits.  <u>The original and two copies of all paper exhibits shall be submitted to the courtroom deputy at the same time as the Joint Pretrial Order</u>.[2]   Trial exhibits are <u>not</u> to be filed on CM/ECF.  Failure to exchange and submit timely exhibits may result in the Court's striking the proceeding from its calendar, denying admission of the exhibits, or considering other appropriate sanctions.

    d.    The rule(s) of bankruptcy procedure, the section(s) of the United States Bankruptcy Code, the sections(s) of state law, and/or all case law authority, if any, on which the parties are relying.  A copy of all case law authority to be relied upon should be submitted with the Joint Pretrial Order, if not previously provided to the Court.  The presentation of authority may be made in the form of a Trial Brief which complies with the requirements of this paragraph;

    e.    The issues to be determined;

    f.    A separate list by each party of those witnesses whom each will present at the trial.[3]

    g.    A separate list by each party of any witnesses whose testimony will be offered by deposition together with a statement of objections, if any, by opposing parties to the use of any portions of said depositions;

    h.    Whether a pretrial settlement conference would be beneficial; and

    i.    That the parties are ready for trial.

    5. Any further motion or application with respect to this proceeding must be FILED with the Court at the same time as the submission of the JOINT PRETRIAL ORDER (or by any other date set in the scheduling order) or the relief sought in such motion or application may be deemed to have been waived, subject to the provisions of Fed. R. Civ. P. 60.

---

[2] If the size or volume of exhibits prohibits such submission by this deadline, the parties shall so state in the Joint Pretrial Order and shall submit these exhibits to the courtroom deputy <u>5 business days prior</u> to the scheduled trial time.

[3] The statement by a party that a witness will be present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain the testimony of the witness. The foregoing need not include witnesses to be used only for impeachment.

6. The parties need not agree on every matter contained therein to submit a pretrial order as joint. In the event counsel for the parties or parties appearing *pro se* are unable to agree on a Joint Pretrial Order, after demonstrated efforts, each shall submit a separate proposed Pretrial Order no later than the due date provided herein.

7. Failure to submit timely a Pretrial Order and exhibits may result in the Court's striking the proceeding from its calendar or considering appropriate sanctions.

8. After its submission, the Joint Pretrial Order may not be amended without a finding of good cause by the Court. Once entered, the Joint Pretrial Order will control the subsequent course of the proceeding set for trial, unless relief therefrom is granted to avoid manifest injustice (Fed. R. Civ. P. 60).

9. In accordance with Fed. R. Civ. P. 26(a)(2)A, each party shall identify any expert witness to be used in this proceeding, provide the expert's written report, if any, and allow a reasonable opportunity for the taking of the expert's deposition prior to the conclusion of discovery, unless otherwise ordered by the Court.

10. If this adversary proceeding requires a change of schedule from that heretofore stated, a party in interest may timely move to amend this order. The movant must indicate the reasons therefor and whether all parties consent. A showing of exceptional circumstances must be shown for such modification affecting the trial calendar. An agreement to modify a deadline or a request to so modify is not effective absent entry of an amended scheduling order by the Court. In the event the parties agree that discovery is concluded or unnecessary and that they are ready for trial, a trial date may be immediately requested. Such a request shall estimate the time necessary for trial.

11. A deadline established by this order will be extended only upon a good cause finding by the Court. In the absence of disabling circumstances, the deadline for completion of all discovery will not be extended unless there has been active discovery. Delayed discovery will not justify an extension of the discovery deadline. Attorneys may not agree privately to continue discovery beyond the deadline established herein[4] unless the extension will not alter the other deadlines established herein.

12. The parties shall comply with SC LBR 7026-1 pertaining to discovery and all applicable rules and chambers guidelines pertaining to requests for continuances or settlements.

13. **A pre-trial conference will be held before this Court after expiration of the deadlines set forth herein at the Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306-2355** to determine the trial date, hear any outstanding motions and consider any other matters appropriate under the circumstances of the case. The pre-trial conference shall be attended by the attorneys who will conduct the trial for each of the parties, or by parties appearing *pro se*. If no Joint Pretrial Order has been previously submitted, each party shall, at the pretrial conference, exchange a list of witnesses and exhibits which will be presented at trial. Thereafter, the list shall not be amended absent a finding of good cause by the Court. The Court expects that the attorneys for each party participating in any conference before the trial shall be prepared to estimate the time necessary for trial and shall have authority to enter into stipulations, to discuss settlement, and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. Following the conclusion of the pre-trial conference, the

---

[4] A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 183, 141 (D. Me. 1985)). The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management. Serrano-Perey v. F.M.C. Corp., 985 F.2d 625, 628 (1st Cir. 1993).

Court may proceed with the trial of the proceeding or may enter an order setting a date for a further pretrial conference, a date for the filing of further proposed orders or briefs, and the trial date.

14. Filing a motion and failing to prosecute the motion may be construed by this Court as evidence that the motion was not filed in good faith or was filed for an improper purpose and may be subject to appropriate sanctions. The Court, on its own initiative, may impose sanctions against a party or party's attorney failing to obey the scheduling order, failing to make an appearance at a pretrial conference, failing to be prepared to participate in the conference, or failing therein to participate in good faith.

15. The failure to abide by the terms of this order or to appear and be ready in accordance with this order may be determined as a failure to prosecute this adversary proceeding pursuant to Fed. R. Bankr. P. 7041 and Fed. R. Civ. P. 41.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**09/24/2021**



Chief US Bankruptcy Judge
District of South Carolina

Entered: 09/24/2021